IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ATAIN SPECIALTY INSURANCE
COMPANY,

           Plaintiff,

    vs.

CHOUTEAU PROPERTY MANAGEMENT,
INC., BRENDA ORTIZ and LUIS F. ORTIZ,

          Defendants.

Case No. 13-cv-65-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Atain Specialty Insurance Company's ("Atain") motion for reconsideration (Doc. 34) of the Court's November 19, 2013, order (Doc. 27) denying Atain's motion for judgment on the pleadings.  Defendant Chouteau Property Management ("Chouteau") filed a response (Doc. 35) to which Atain replied (Doc. 36). Defendants Brenda Ortiz and Luis F. Ortiz failed to respond.  For the following reasons, the Court denies Atain's motion for reconsideration.  However, the Court reconsiders its November 19, 2013, order pursuant to Rule 54(b); vacates its November 19, 2013, order; and grants Atain's motion for judgment on the pleadings (Doc. 19).

1. Background

Atain filed its complaint for declaratory judgment seeking a declaration from this Court that it has no duty to defend or indemnify Chouteau in the underlying lawsuit entitled *Ortiz v. La Mexicana, Inc., et al.*, Case No. 12-L-1300, Madison County, Illinois ("underlying lawsuit"). The underlying lawsuit involves an incident that occurred on August 19, 2011, at La Mexicana Restaurant, housed in a building owned by Chouteau in Granite City, Illinois.  Fernando

Gallegos was consuming alcohol served to him at La Mexicana Restaurant.  Due in part to the consumption of this alcohol, Gallegos "physically attacked, assaulted and/or fired a weapon at" two brothers, Jesus Ortiz-Flores and Luis F. Ortiz.  Ultimately, the attack caused Ortiz-Flores' death and severe and permanent injuries to Ortiz.

Brenda Ortiz, as the administrator of the estate of her brother Ortiz-Flores, and Ortiz filed a twelve-count complaint against Chouteau and others in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.  Only Counts Three, Six, Nine, and Twelve allege causes of action against Chouteau.  Counts Three and Nine allege causes of action under the Illinois Dramshop Act, 235 ILCS 5/6-21, and Counts Six and Twelve allege causes of action for negligence.

Effective at the time of the incident was a Commercial General Liability ("CGL") insurance policy Atain had issued to Chouteau.  That policy contained a Total Liquor Liability Exclusion which provided as follows:

> Exclusions.  This insurance does not apply to: . . .  c. Liquor Liability.  "Bodily injury" or "property damage" for which any insured may be held liable by reasons of:
>> (1) Causing or contributing to the intoxication of any person;
>> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

Doc. 2-3, p. 52.  The policy further contained an "Assault and Battery Exclusion" that provided as follows:

> This insurance does not apply under COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY arising from:
>> (1) Assault and Battery committed by any Insured, any employee of any Insured or any other person;
>> (2) The failure to suppress or prevent Assault and Battery by any person in 1 above;

2

(3) Resulting from or allegedly related to the negligent hiring, supervision or training of any employee of the Insured; or

(4) Assault or Battery, whether or not caused by or arising out of negligent, reckless or wanton conduct of the Insured, the Insured's employees, patrons or other persons lawfully or otherwise on, at or near the premises owned or occupied by the Insured, or by any other person.

Doc. 2-3, p. 92.

A dispute arose over whether Atain has a duty to defend and indemnify Chouteau in the underlying lawsuit. As such, Atain filed the instant declaratory judgment action arguing that coverage for the causes of action alleged in the underlying lawsuit are excluded in the policy lawsuit. Specifically, Atain argues that (1) the Total Liquor Liability Exclusion excludes the claims arising under the Illinois Dramshop Act, (2) the Assault and Battery Exclusion excludes coverage for the claims alleging injuries resulting from any assault or battery, (3) the insurance warranty excludes coverage because Chouteau never provided proof that La Mexicana obtained insurance, (4) Chouteau failed to timely notify Atain of the attack, and (5) the Other Insurance clause renders the Atain policy in excess of any other insurance available.

Atain filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) arguing only that the Assault and Battery Exclusion and the Total Liquor Liability Exclusion preclude coverage of Chouteau in the underlying lawsuit. Chouteau responded arguing that a genuine issue of material fact exists as to whether the Assault and Battery and Liquor Liability Exclusions applied to all counts of the underlying lawsuit. Specifically, Chouteau argued that (1) it is not clear from the face of the state-court complaint that the injuries arose solely from an intentional gunshot wound, and (2) the Total Liquor Liability Exclusion does not preclude coverage for the allegations that bear no relationship to furnishing alcoholic beverages. Chouteau further asked the Court to dismiss or stay the case

pending resolution of the underlying suit because the requested declaration is premature and had the potential to impact the underlying suit.

This Court denied Atain's motion for judgment on the pleadings.  Specifically, the Court stated that

> the as-of-yet undetermined facts of the underlying suit are too bound up in this declaratory judgment action.  If this Court were to grant [Atain]'s motion for judgment on the pleadings it would essentially be adjudicating the underlying lawsuit, namely, that [Gallegos] either intentionally or negligently injured [Ortiz-Flores and/or Flores].  The Court will not make such a determination.  The posture of the underlying case and the indeterminate facts of the incident in question preclude Rule 12 Judgment here.

Doc. 27, p. 4.

Currently before the Court is Atain's Rule 60(b) motion for reconsideration of the order denying Atain's motion for judgment on the pleadings.  Specifically, Atain argues that the Court made a fundamental mistake of law when the Court concluded it could not rule on the declaratory judgment complaint because it would resolve an issue in dispute in the underlying lawsuit.  Rather, Atain argues the Court need only look at the allegations of the complaint to determine that the policy exclusions preclude coverage.  The Court will turn to consider whether Atain is entitled to reconsideration of this Court's order.

2.  Reconsideration Standards

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.  *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Under Rule 60(b), a court may relieve a party from an order where there is 'mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial"; or "fraud (whether previously called intrinsic

or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b).

Legal error is not a ground for relief listed Rule 60(b). Accordingly, Atain's motion is not

appropriate under Rule 60(b).

However, Rule 54(b) provides that "any order . . . that adjudicates fewer than all the

claims. . . may be revisited at any time before the entry of judgment adjudicating all the claims

and all the parties' rights and liabilities." Here, the order denying the motion for judgment on

the pleadings was interlocutory, and the Court has discretion to reconsider that order. *Galvan v.*

*Norberg*, 678 F.3d 581, 587 (7th Cir. 2012). The Courts finds this an appropriate case to

reconsider its previous order.

   3.   Analysis

An insurer must defend an action against its insured unless it is clear that the alleged

claims do not fall within the terms of the policy. *Nautilus Ins. Co. v. 1452-4 N. Milwaukee Ave.,*

*LLC*, 562 F.3d 818, 822 (7th Cir. 2009) (citing *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*,

607 N.E.2d 1204, 1212 (1992)); *Northbrook Prop. and Cas. Co. v. Transp. Joint Agreement*, 741

N.E.2d 253, 254 (Ill. 2000). Atain carries the burden in demonstrating coverage is excluded.

*Nautilus Ins. Co.*, 562 F.3d at 821. In determining whether the insurer has a duty to defend, the

court must look to the underlying complaint and the language of the insurance policy. *National*

*Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010). In interpreting the policy language,

the court uses rules of contract interpretation and aims to give effect to the intent of the parties.

*Netherlands Ins. Co. v. Phusion Projects, Inc.*, 737 F.3d 1174, 1177 (7th Cir. 2013). If the court

concludes there is no duty to defend, there is necessarily no duty to indemnify. *National Cas.*

*Co.*, 604 F.3d at 338. Doubts of coverage are resolved in favor of the insured. *Id.* However,

where the allegations of the complaint "are clearly outside the bounds of the policy coverage," the insurer may refuse to defend the insured.  *Id.*

First, the Court will consider whether Counts Three and Nine, both alleging causes of action arising under the Illinois Dramshop Act, are excluded from coverage under the Total Liquor Liability Exclusion.   In interpreting an identical liquor exclusion, the Seventh Circuit agreed with the district court that the plain language of the exclusion precluded coverage of any claims based on allegations that the insured's products caused someone to become intoxicated and led to personal injury.  *Netherlands Ins. Co.*, 737 F.3d at 1177.  Similarly, here, the identical liquor exclusion provision precludes coverage for any claims against Chouteau for allegations based upon Chouteau's provision of alcohol that ultimately caused someone to become intoxicated and cause personal injury.

Chouteau argues that the allegations of the underlying complaint do not unambiguously fall within the policy's Liquor Liability Exclusion.  However, there is no doubt that Counts Three and Nine are alleged as causes of actions arising under the Illinois Dramshop Act.  Thus, the causes of action listed in Counts Three and Nine are excluded under Section Three of the policy's Liquor Liability Exclusion.  As such, the Total Liquor Liability Exclusion precludes coverage for the causes of action arising under the Illinois Dramshop Act claims in Counts Three and Nine of the underlying suit.

Next, the Court must consider whether Atain has a duty to defend Chouteau in the negligence causes of action alleged in Counts Six and Twelve of the underlying suit.  Counts Six and Twelve allege that the victims were "maliciously and wantonly assaulted, beaten and shot by Fernando Gallegos . . . ."   These Counts continue to list several ways in which Chouteau's negligence caused the damages resulting from Gallegos' attack.  For instance, the complaint

alleges Chouteau "[f]ailed to adequately supervise and secure [its] premises appropriately and to guard against attacks on its invitees" and "[f]ailed to provide available security to assist patrons who are in need of assistance" (Doc. 2-2, p. 19).  Clearly, these allegations describe a battery committed by "any other person," in this case Gallegos, which is excluded under subsection One of the policy's Assault and Battery exclusion.  They also allege causes of action arising from a battery caused by the "negligent, reckless or wanton conduct" of Chouteau.

Chouteau argues that the complaint in the underlying lawsuit alleges that the injuries were caused by Chouteau's own negligent failure to adequately secure and maintain its premises and not simply an assault and battery.  However, Section Four of the Assault and Battery exclusion specifically excludes "[b]attery, whether or not caused by or arising out of negligent, reckless or wanton conduct of the Insured."  As such, any cause of action arising from Chouteau's alleged negligent act that led to the battery is excluded under the policy.

Chouteau argues that this case is similar to *Marsch, Inc. v. Pekin Ins. Co.*, 491 N.E.2d (5th Dist. 1985).  In *Marsch*, an Illinois appellate decision, the insured was performing road work when the insured's employee was driving a dump truck in reverse and struck a minor child riding a motorbike.  *Id*. at 434.  Among other allegations, the complaint stated a violation of the Road Construction Injuries Act alleging that the insured "failed to employ the proper number and placement of flagmen while the roadwork was taking place, and failed to mark a closed portion of the road with suitable warning signs or barricades."  *Id*. at 437.  The appellate court noted that there were numerous ways in which the improper use of flagmen and warning devices could have injured the child.  *Id*.  For instance, the child "could have struck a worker, an excavation, or piled materials."  *Id*.  The court concluded that if "the liability of an insured arises from negligent

acts which constitute non-auto-related conduct, the policy should be applicable regardless of the automobile exclusion or the fact that an automobile was involved in the occurrence." *Id.*

This Court recently had occasion to examine the *Marsch* decision. *See Cincinnati Ins. Co. v. William F. Braun Milk Hauling, Inc.*, 2013 WL 5718201, at *5 (S.D. Ill. Oct. 21, 2013). After a review of Illinois and Seventh Circuit case law, this Court concluded the Illinois Supreme Court would have decided *Marsch* differently and declined to follow its reasoning. *Id.* Specifically, in *Northbrook* the Seventh Circuit reversed a district court's finding that the insurer had a duty defend because the insured "might be liable 'based on its own conduct" even though the underlying compensable injury was excluded from coverage. *Nautilus Ins. Co. v. 1452-4 N. Milwaukee Avenue, LLC*, 562 F.3d 818, 822 (7th Cir. 2009).  Ultimately, the Seventh Circuit explained the exclusion was applicable because

> the statutory claims in the underlying complaints seek recovery for the same loss as all the other claims – the property damage arising out of the faulty excavation performed by [the insured]'s contracts and subcontractor – and coverage for *that* property damage is excluded by the contractor-subcontractor exclusion.

Id.  Similarly, here, the negligence claims in the underlying claims all seek recovery for a loss that is excluded under the policy's Assault and Battery exclusion.

Accordingly, because the underlying lawsuit's claims are clearly excluded under sections One and Four of the policy's Assault and Battery exclusion, the Court reconsiders its previous order and grants Atain's motion for judgment on the pleadings.

4.  Conclusion

For the foregoing reasons the Court:

- **DENIES** Atain's motion for reconsideration (Doc. 34) pursuant to Rule 60(b);

- **RECONSIDERS and VACATES** its November 19, 2013, order (Doc. 27);

- **GRANTS** Atain's motion for judgment on the pleadings (Doc. 19);

8

- **DECLARES** as follows:

  Atain Specialty Insurance Company has no duty to defend or indemnify Chouteau Property Management, Inc. with respect to any of the allegations in the complaint in *Ortiz, et al.* v. *La Mexicana, et al.*, Case No. 12-L-1300 in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** May 2, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
